**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Dale DUNN,
Defendant-Appellant.**

**No. 81–1200.**

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1986.

Louis Dugas, Jr., Orange, Tex., for Dunn.

Charles T. Newlin, John F. Hirling, Stephen Shelnutt, Houston, Tex., for Carpenter.

Robert Lyle Carpenter, pro se.

Helen M. Eversberg, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., Ann T. Wallace, Atty., Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C., for U.S.

Before WISDOM, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Upon first consideration of this appeal we reversed the convictions of Ronald Dale Dunn finding, *inter alia,* that a barn which was the subject of a warrantless search was within the protected curtilage of the Dunn ranch house. *United States v. Dunn,* 674 F.2d 1093 (5th Cir.1982). The Supreme Court granted the government's petition for writ of certiorari, *United States v. Dunn,* 467 U.S. 1201, 104 S.Ct. 2380, 81 L.Ed.2d 340 (1984), and vacated our disposition of Dunn's appeal, remanding "for further consideration in light of *Oliver v. United States,*" 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). On remand we held that the barn in question was not within the curtilage, *United States v. Dunn,* 766 F.2d 880 (5th Cir.1985). By an Order dated January 17, 1986, 781 F.2d 52, we vacated that opinion and returned the matter to the panel.

Upon further collegial consideration of the mandate of the Supreme Court in the course of the disposition of the government's petition for rehearing with suggestion for rehearing en banc, we have determined that the holding and teachings of *Oliver v. United States* neither direct nor require that the subject barn be found to be outside the curtilage of the Dunn ranch house. We again have examined painstakingly the facts reflected in this record, as set forth in detail in our two prior panel opinions, against the backdrop of *Oliver v. United States* and other decisions of the Supreme Court and of this court. To reflect the relative positions of the buildings and improvements, we attach a site plat of the ranch house enclave which was filed in evidence as a government exhibit. Upon studied reflection, we now conclude and hold that the barn was inside the protected curtilage.

Accordingly, we reinstate the opinion rendered on May 7, 1982, reported at 674 F.2d 1093 (5th Cir.1982), as our disposition of this appeal by Ronald Dale Dunn.

PRIOR OPINION REINSTATED.